UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSEPH and DORIS KANE,                               No. 04-11647

                                Debtor(s).
_____/

JOSEPH and DORIS KANE,

                                Plaintiff(s),

       v.                                                              A.P. No. 04-1106

FAYE TAYLOR,

                                Defendant(s).
_____/

Memorandum on Motion to Correct Clerical Error
_____

       Prior to their Chapter 7 filing in 2004, the Kanes had been accused of elder abuse in state court. They had retained defendant Faye Taylor, an attorney, to defend them in those proceedings. After they filed their Chapter 7 petition, an adversary proceeding making the same elder abuse accusations was filed in this court. After trial, the court ruled in favor of the Kanes. The court assumed that its ruling put an end to long and difficult litigation. This assumption was wrong.

       On October 3, 2003, the Kanes sued Taylor in state court for malpractice relating to her

1

representation of them in the state court. When the Kanes commenced their Chapter 13 case, Taylor removed the state court action to this court.

While most of the claims made in the complaint involved only state law and were properly to be heard in state court, one claim had to be resolved in this court. Taylor had taken a deed of trust from the Kanes, and the validity of that deed of trust had to be determined in order to decide if the Kanes' Chapter 13 plan was confirmable. The court elected to hear only the deed of trust claim, remanding the remainder of the case to state court for trial. This court held a trial, found the deed of trust void, and entered a judgment just on that claim pursuant to FRCP 54(b). The Kanes made no request for attorneys' fees.

Some two-and-a-half years later, the parties are back in this court. It seems, from the representations of counsel, that after a lengthy trial in state court a verdict was rendered in favor of Taylor as to Joseph Kane but the jury could not reach a verdict as to Doris Kane and the matter is set for retrial next February. It also seems that during the course of the state court litigation the state court granted Taylor's motion *in limine* to deny any attorneys' fees to the Kanes on account of voiding the deed of trust on the grounds that any such request should have been made in this court. It also appears that the state court granted that motion.[1]

Eight days ago, the Kanes' motion to "Correct a Clerical Mistake" came before the court. The court made it clear from the outset that it was not an appellate court and had no power to review the state court decision and only would take such action which was entirely consistent with the state court ruling. The Kanes' counsel then represented that the state court judge is "waiting for the court's decision." The court replied that while it would not get involved without the express request of the state court judge, "[i]f the judge wants me to clarify it, I will be happy to do that."

Instead of providing the court with a transcript or other evidence that the state court actually and affirmatively wanted this court's input, counsel for the Kanes wrote a letter to the state judge falsely stating that "Judge Jaroslovsky is willing to set the matter for hearing as long as Judge Ritchie has no objection." That

---

[1] No written order or transcript has been supplied, so the court does not know exactly what the state court has ruled.

2

is totally misleading (and unfair) to the state court judge.  This court does not intend to clarify anything unless the state court judge wants it to.   In the absence of an affirmative request, which the state court judge is by no means required or requested to make, the issue of the Kanes' request for attorneys' fees is solely a matter for the state court.

For the foregoing reasons, the court will abstain from hearing the Kanes' motion, without prejudice to reconsideration upon a proper showing that it is the affirmative desire of the state court for this court to make a ruling.  The Kanes shall make no further representations to the state court regarding the desires of this court except by presenting it with signed orders or memoranda.

An appropriate order will be entered.

Dated: August 18, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

3